

**McDERMOTT & RADZIK, LLP**
Edward C. Radzik (ER-2473)
Matthew T. Loesberg (ML-3708)
Wall Street Plaza
88 Pine Street – 21st Floor
New York, New York 10005-1801
(212) 376-6400
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NORWICH UNION INSURANCE
a/s/o DATA DIRECT (THAMES VALLEY)
LIMITED,

                      Plaintiff,

   - against -

CONTERM CONSOLIDATION SERVICES
and CONTERM HONG KONG LIMITED,

                      Defendants.

-----------------------------------------------------------x

**ECF CASE**

08 Civ.        (    )

**COMPLAINT**

      Plaintiff, by its attorneys, McDERMOTT & RADZIK, LLP, as and for its Complaint herein, alleges, upon information and belief, as follows:

      **FIRST:** All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**SECOND**: At and during all the times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A, hereto annexed, and by this reference made a part hereof.

**THIRD**: At and during all the times hereinafter mentioned, defendants had and now have the legal status and office and place of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as common carriers of merchandise by water for hire.

**FOURTH**: This Court has personal jurisdiction over the Defendants, and venue is proper by reason of Defendants' regular and systematic contacts with the State of New York and by reason of the forum selection clause contained in the bill of lading contract issued by Defendants, which specifies that disputes under said bill of lading are subject to the jurisdiction of the United States District Court for the Southern District of New York.

**FIFTH**: At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**SIXTH**: On or about the date and at the port of shipment stated in Schedule A, there was shipped by the shipper therein named and delivered to defendants and the said vessel, as common carriers, the shipment described in Schedule A then being in good order and condition, and defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed

freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule A.

**SEVENTH**: Thereafter, the said vessel arrived at the port of destination, where it and defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule A, all in violation of defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

**EIGHTH**: Plaintiff was the shipper, consignee, owner and/or subrogated cargo underwriter of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**NINTH**: By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $10,516.00

**WHEREFORE**, plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A, be attached in the

amount of $10,516.00, with interest thereon and costs, the sum sued for in this Complaint.

3. That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefor; and

5. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 1, 2008

                      McDERMOTT & RADZIK, LLP
                      Attorneys for Plaintiff

By: *(signature)*
Edward C. Radzik (ER-2473)
Matthew T. Loesberg (ML-3708)
Wall Street Plaza - 21st Floor
88 Pine Street
New York, New York 10005-1801
(212) 376-6400
Our File: 66-08-71 (ECR/MTL)

4

## SCHEDULE A

<u>Plaintiff's legal status
and place of business</u>

Plaintiff, Norwich Union Insurance, is a corporation or other business entity duly organized and existing under and by virtue of the laws of the United Kingdom, with an office and place of business at P.O. Box 4 Surrey Street, Norwich NR1 2NG.

<u>Defendant's legal status
and place of business</u>

Defendant, Conterm Consolidation Services, is a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the States of the United States, or of a foreign sovereign, with an office and place of business at 300 Middlesex Avenue, Carteret, New Jersey 07008.

Defendant, Conterm Hong Kong Limited, is a corporation or other business entity, duly organized and existing under and by virtue of the laws of Hong Kong, located at 1 Lockhart Road, Chung Nam Building, 14th Floor, Wanchai, Hong Kong, with an office and place of business at 300 Middlesex Avenue, Carteret, New Jersey 07008.

| | |
|---|---|
| Name of Vessel | : NEW ORLEANS EXPRESS/060E |
| Port of Loading | : New York |
| Port of Discharge | : Southampton |
| Bill of Lading Number | : ATLS0U7601287C |
| Dated | : March 7, 2007 |
| Shipment | : Toners |
| Container No. | : OOLU2918142 |
| Shipper | : Tech Export International |
| Consignee | : Direct Thames Valley |
| Nature of Claim | : Water Damage/Damage |
| Amount | : $10,516.00 |
| Our File | : 66-08-71(ECR/MTL) |