UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NORWICH UNION INSURANCE a/s/o DATA
DIRECT (THAMES VALLEY) LIMITED,

                              **ECF CASE**

                 Plaintiff,

        - against -                                        08 Civ. 03297 (SAS)

CONTERM CONSOLIDATION SERVICES
and CONTERM HONG KONG LIMITED,

                 Defendants.
-------------------------------------------------------------X

      Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, the undersigned counsel for defendants CONTERM ( private non-governmental parties) certifies that the following are corporate parents, subsidiaries, and/or affiliates of said party which are publicly held:

Brennan International Transport (Hong Kong) Limited, DCL (Hong Kong) Limited, NACA Logistics (USA) Inc., Vanguard Logistics Services Hong Kong Ltd., Conterm (Hong Kong) Limited, various alien corporations of similar names

    06/12/08                    S/ _____
Date                                          PETER J. ZAMBITO

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendants
CONTERM CONSOLIDATION SERVICES and
CONTERM HONG KONG LTD.
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NORWICH UNION INSURANCE a/s/o DATA
DIRECT (THAMES VALLEY) LIMITED,

                    Plaintiff,

        - against -

CONTERM CONSOLIDATION SERVICES
and CONTERM HONG KONG LIMITED,

                  Defendants.
------------------------------------------------------------X

**ECF CASE**

08 Civ. 03297 (SAS)

**ANSWER**

      CONTERM CONSOLIDATION SERVICES and CONTERM HONG KONG LIMITED, (hereinafter, collectively "CONTERM"), by their attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Complaint propounded by the plaintiff herein, respectfully show to the Court and allege upon information and belief as follows:

      1. Admits the admiralty and maritime jurisdiction of the United States and of this Honorable Court and, except as so admitted, denies the allegations contained in paragraph FIRST of the Complaint, except denies having sufficient knowledge or information to form a belief as to the allegation constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Denies having sufficient knowledge or information to form a belief as the allegations contained in paragraphs SECOND, FIFTH and EIGHTH of the Complaint.

3. Admits that at and during all the times hereinafter mentioned, CONTERM is a alien corporation and had and now has an office and place of business as stated in Schedule A annexed to the Complaint and was and now is engaged in business as a non-vessel operating common carrier of merchandise by water for hire and, except as so admitted, denies the allegations contained in paragraph THIRD of the Complaint.

4. Admits that this Court has personal jurisdiction over the defendant and venue is proper by reason of the forum selection clause contained in the bill of lading contract issued by defendant, which specifies that disputes under said bill of lading are subject to the jurisdiction of the United States District Court for the Southern District of New York and, except as so admitted, denies the allegations contained in paragraph FOURTH of the Complaint.

5. Admits that on or about March 7, 2007 at the port of New York there was shipped and delivered to the said vessel, as a common carrier, a containerized shipment said to contain toners and that the said vessel then and there accepted said containerized shipment so shipped and delivered to her and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said containerized shipment to the port of Southampton and there deliver the same and, except as so admitted, denies the allegations contained in paragraph SIXTH of the Complaint.

6. Admits that thereafter the said vessel arrived at the port of destination where delivery of the containerized shipment was made and, except as so admitted, denies the allegations contained in paragraph SEVENTH of the Complaint.

7. Admits demand and non-payment and, except as so admitted, denies the allegations contained in paragraph NINTH of the Complaint.

FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

8. The Complaint fails to state a cause of action against defendants CONTERM upon which relief can be granted.

FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

9. At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

10. The nature and valuation of the goods were not declared by the shipper before shipment and inserted in the bill of lading.  If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "container as a COGSA package" or "per customary freight unit," in accordance with the above quoted provisions of the United States Carriage of Goods by Sea Act.

FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE

11. The said shipment was transported on the said vessel and was discharged and delivered subject to the bills of lading issued therefor, and tariffs by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act.  Any loss/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which these defendants are not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act

and/or provisions of the said bills of lading and/or tariffs and/or other applicable provisions of the contracts of carriage or of law.

## FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE

12. United States Carriage of Goods by Sea Act provided in Section 1304 thereof, among other things, as follows:

> "(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from -
>
> (a) Act, neglect or default of the master, mariner, pilot or the servants of the carrier in the navigation or in the management of the ship;
>
> \* \* \* \* \* \* \*
>
> c) Perils, dangers and accidents of sea or other navigable waters;
>
> (d) Act of God;
>
> \* \* \* \* \* \* \*
>
> (i) Act or omission of the shipper or owner of the goods, his agent or representative;
>
> (m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;
>
> (n) Insufficiency of packing;
>
> (p) Latent defects not discoverable by due diligence; and,
>
> (q) Any other cause arising without the actual fault or privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault or privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage."

13. By reason of the foregoing provisions or any of them, the defendants should be under no responsibility for the damages

## FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE

14. Plaintiff failed to join an indispensable party as a defendant.

WHEREFORE, defendant prays that the Complaint herein be dismissed, together with the costs and disbursements of this action, including reasonable counsel fees, and for such other, further or different relief as to this Court may be just and proper.

Dated: New York, New York
May 22, 2008

>    DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
>    Attorneys for Defendants
>    CONTERM CONSOLIDATION SERVICES and
>    CONTERM HONG KONG LIMITED
>
>
>    S/ _____
>       PETER J. ZAMBITO        (9362 PZ)
>
>    OFFICE & P.O. ADDRESS:
>    131 East Thirty Eighth Street
>    New York, N.Y.  10016
>    (212) 889-2300