DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendants
CONTERM CONSOLIDATION SERVICES and
CONTERM HONG KONG LTD.
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NORWICH UNION INSURANCE a/s/o DATA
DIRECT (THAMES VALLEY) LIMITED,

                           Plaintiff,

                - against -

CONTERM CONSOLIDATION SERVICES
and CONTERM HONG KONG LIMITED,

                        Defendants.
-------------------------------------------------------X
CONTERM HONG KONG LIMITED,

               Defendant/Third-Party Plaintiff,

                - against -

ORIENT OVERSEAS CONTAINER LINE
LIMITED,

                  Third-Party Defendant.
-------------------------------------------------------X

**ECF CASE**

08 Civ. 03297 (SAS)

**THIRD-PARTY COMPLAINT**

      The defendant and third-party plaintiff, CONTERM HONG KONG LIMITED

(hereinafter, "CONTERM") by its attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO &

HESSION, as and for its Third-Party Complaint against the above named third-party defendant,

respectfully shows to the Court and alleges upon information and belief as follows:

1.  That at all relevant times, defendant and third-party plaintiff CONTERM was and still is a corporation duly organized and existing under and by virtue of law with an office and place of business at 857 East 230th Street, Carson, CA  90745 and at all relevant times acted as a non-vessel operating common carrier.

2.  At all relevant times, third party defendant ORIENT OVERSEAS CONATINER LINE LIMITED (hereinafter "OOCL") was and still is a corporation or other business entity existing under and by virtue of law with an office and place of business at 88 Pine Street, New York, NY and c/o OOCL (USA) Inc., 2633 Camino Ramon, San Ramon, CA  94583, was the Owner and/or Charterer of the M/V NEW ORLEANS EXPRESS and is and was doing and has transacted business within the jurisdiction of this Honorable Court.

3.  At all relevant times, third-party defendant issued or caused to be issued Bill of Lading No. OOLU1030068600 dated on or about March 7, 2007 to the third-party plaintiff or to its agent covering the cargo in suit which was carried from New York to Southampton on board the aforesaid vessel.

4. On or about April 2, 2008, plaintiff filed a Complaint against CONTERM alleging that a containerized shipment of toner carried on board the M/V NEW ORLEANS EXPRESS was delivered short and/or damaged.  A copy of the Complaint is annexed hereto as Exhibit "A."

### AS AND FOR A FIRST CAUSE OF ACTION

5.   At all relevant times, the whole reach of  the Vessel or a slot or slots on her were in third-party defendant's exclusive control or those of its agents, servants and/or independent contractors.  In accordance therewith, OOCL <u>vis</u> <u>a</u> <u>vis</u> CONTERM was responsible for the loading, stowing, securing, discharging and delivery of the cargo in suit and, as such, responsible

for the actions of the vessel Owner and/or stevedores and/or other independent or sub-contractors with whom it was in privity or retained by it directly or indirectly to carry out these obligations.

6.   If any loss and/or damage was sustained by the said cargo, as alleged in the Complaint, it resulted solely from a breach of the Bill of Lading contract and/or negligence and lack of care on the part of third-party defendant or those with whom in privity or retained by it without any breach, negligence or lack of care on the part of defendant and third-party plaintiff or those acting for it contributing thereto.

7.   As a result, if any liability should be adjudged against the defendant and third-party plaintiff, it will be entitled to indemnity in full from third-party defendant, together with the costs of this action and reasonable counsel fees.

### AS AND FOR A SECOND CAUSE OF ACTION

8.   Third-party plaintiff repeats and realleges each and every paragraph heretofore set forth with the same force and effect as if set forth here at length.

9.   On or about March 7, 2007 at the port of New York, there was shipped and delivered to OOCL and the said vessel, as common carriers, a sealed container No. OOLU291814/2, alleged to then be in good order and condition, and OOCL issued a clean Bill of Lading, No. OOLU1030068600, and OOCL and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the Port of Southampton and there deliver the same in like good order and condition as when shipped.

10.   Thereafter, the said vessel arrived at the Port of Southamptom where she and the third-party defendant made delivery of the said shipment, but allegedly not in like good order, quantity and condition as when shipped, but on the contrary, short and/or seriously damaged in

violation of OOCL's obligations and duties as a common carrier of merchandise by water for hire.

11.    If any loss and/or damage was sustained by the said cargo, as alleged in the Complaint, it resulted solely from a breach of the bill of lading contract and/or negligence and lack of care on the part of third-party defendant or those retained by it, without any breach, negligence or lack of care on the part of the defendant and third-party plaintiff or those acting for it contributing thereto.

WHEREFORE, defendant  and third-party plaintiff demands judgment against the third party defendant, for all sums that may be adjudged against it in favor of the plaintiff, together with costs and reasonable counsel fees incurred by or on behalf of defendant and third-party plaintiff and, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, if the Court should find that the plaintiff is entitled to judgment, defendant and third-party plaintiff demands judgment be entered directly against the said third party defendant and in favor of the plaintiff, and defendant and third-party plaintiff, further prays:

1.  That process in due form of law according to the practice of this Court may issue against the third party defendant, citing it to appear and answer the Complaint and Third Party Complaint.

2.  That if the third party defendant cannot be found within this District, that all its property within this District be attached in the sum set forth in the Complaint, plus legal fees and disbursements.

3.  That defendant and third-party plaintiff have such other, further and different relief as to this Court appears just and proper in the premises.

Dated:  New York, New York
        May 22, 2008

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant and Third-Party Plaintiff
CONTERM HONG KONG LIMITED

BY: _____
PETER J. ZAMBITO        (9362 PZ)

OFFICE & P.O. ADDRESS:
131 East Thirty Eighth Street
New York, N.Y.  10016
(212) 889-2300